**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4404
_____

NATARAJAN VENKATARAM,
Appellant

v.

OFFICE OF INFORMATION POLICY, U.S. DEPARTMENT OF JUSTICE;
JANICE GALLI MCLEOD, ASSISTANT DIRECTOR-OFFICE OF
INFORMATION POLICY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-09-cv-06520)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2014

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 10, 2014 )
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Natarajan Venkataram, a federal inmate, has appealed the District Court's orders granting summary judgment to the Government and denying his motion for reconsideration in this case arising under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. For the reasons detailed below, we will affirm the District Court's judgment.

In 2005, Venkataram and D.V.S. Raju were both charged with numerous counts concerning a conspiracy to defraud New York City. According to the indictment, Venkataram laundered $6.2 million by sending it to one of Raju's companies in India. In December 2006, however, the Government dismissed the charges against Raju by entry of an order of nolle prosequi. In October 2007, meanwhile, Venkataram pleaded guilty to all 16 counts of the indictment, and he was sentenced to 15 years' imprisonment.

In December 2008, Venkataram requested, through FOIA, that the Government provide him with all documents concerning its decision to dismiss the criminal charges against Raju. The Government refused to turn over any documents, claiming that the records were categorically exempt from release under 5 U.S.C. § 552(b)(6) and (b)(7)(C). Venkataram filed a complaint in the District of New Jersey challenging the Government's refusal to disclose those documents and, over the Government's objection, the District Court remanded the case to the Department of Justice for a particularized analysis of the documents Venkataram requested.

Eventually, the Government produced 352 pages in full and one page in part, and withheld 165 pages in full and one in part. The Government also provided an index in

2

which, for each withheld document, it described the document, listed the number of pages that were withheld, identified the statutory basis for the withholding, and provided a short argument in support of the decision to withhold. Venkataram returned to the District Court, arguing that the Government had not made a sufficiently thorough search and had wrongly withheld documents that it should have produced. The Government filed a motion for summary judgment, claiming that its search and decisions as to withholding were proper. In a comprehensive 38-page opinion, the District Court granted the Government's motion. Venkataram filed a motion for reconsideration, which the District Court denied. Venkataram then filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We employ a two-tiered test in reviewing the District Court's order granting summary judgment. First, we determine "whether the district court had an adequate factual basis for its determination"; if it did, we then assess "whether that determination was clearly erroneous." Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (quotation marks omitted). Meanwhile, we review the order denying the motion for reconsideration for abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

Before this Court, Venkataram focuses entirely on the Government's refusal to produce the four-page agreement it entered into with Raju in which it agreed to dismiss the criminal charges against him ("the Agreement"). Venkataram argues, first, that the District Court should have required the Government to disclose the Agreement because the Government has "officially acknowledged" the existence of that document. As the

3

D.C. Circuit has explained, "when an agency has officially acknowledged otherwise exempt information through prior disclosure, the agency has waived its right to claim an exemption with respect to that information." ACLU v. CIA, 710 F.3d 422, 426 (D.C. Cir. 2013). However, this rule is narrow; for information to be officially disclosed, "(1) the information requested must be as specific as the information previously released; (2) the information requested must match the information previously disclosed; and (3) the information requested must already have been made public through an official and documented disclosure." Moore v. CIA, 666 F.3d 1330, 1333 (D.C. Cir. 2011).

We agree with the District Court that Venkataram failed to establish that the information in the Agreement has been officially acknowledged. See ACLU v. CIA, 710 F.3d at 427 (noting that initial burden is on the plaintiff). He argued in the District Court only that this document had been officially acknowledged, not that "the specific information" in the document had been acknowledged. ACLU v. U.S. Dep't of Def., 628 F.3d 612, 621 (D.C. Cir. 2011) (emphasis added). While this argument could potentially overcome a Glomar response — where the Government "refuse[s] to confirm or deny the existence of records," Wolf v. CIA, 473 F.3d 370, 374 (D.C. Cir. 2007) — it is not sufficient in a case like this one, where the Government acknowledges the record but argues that it is protected from disclosure. See id. at 380. Moreover, Venkataram has failed altogether to show that the specific information in the Agreement has been previously released. See Pub. Citizen v. Dep't of State, 11 F.3d 198, 201 (D.C. Cir. 1993) (agency does not waive exemptions "by publicly discussing the general subject

4

matter of documents which are otherwise properly exempt"); Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1280 (D.C. Cir. 1992) (plaintiff has "burden of showing that there is a permanent public record of the exact portions [of the information] he wishes").[1]

Venkataram next argues that the District Court erred in concluding that the Government was permitted to withhold the Agreement pursuant to the exemption set forth in 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"). Under Exemption 7(C), an agency is not required to disclose records or information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552(b)(7)(C). When the Government invokes Exemption 7(C), the court must "weigh[] the privacy interest and the extent to which it is invaded, on the one hand, against the public benefit that would result from disclosure, on the other." Ferri v. Bell, 645 F.2d 1213, 1217 (3d Cir. 1981).

The District Court did not err in weighing the factors here. On the one hand, the criminal charges against Raju were dismissed, and he thus has a "fundamental interest" in

---

[1] Venkataram also contends that there was a dispute of fact concerning whether the Agreement was officially acknowledged, which should have precluded the entry of summary judgment. We are not persuaded. First, in FOIA cases, "the familiar standard of appellate review promulgated by Federal Rule of Civil Procedure 56(c) does not apply," McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993), and the District Court is actually required to "make distinct decisions as to factual questions," Summers v. Dep't of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998). In any case, Venkataram has not actually raised a disputed issue of material fact; rather, he argues about the legal consequences of undisputed facts. Even under the traditional summary-judgment standard, it is appropriate for the District Court to resolve this type of question. See, e.g., Fed. R. Civ. P. 56 advisory committee note (2010) (stating that court "must determine the legal consequences of these facts").

5

limiting the disclosure of this information.  ACLU v. U.S. Dep't of Justice, 750 F.3d 927, 935 (D.C. Cir. 2014).  Meanwhile, the public benefit of the disclosure would be slight.  Although Venkataram seems to believe that information about Raju's agreement with the Government would reveal that the Government somehow acted improperly, he supports this claim with just his "bare suspicion," which will not suffice to obtain disclosure.  Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 174 (2004).  Further, contrary to Venkataram's contention, information about Raju's nolle prosequi, representing just a single data point, will reveal little about the Government's use of prosecutorial discretion.  See Boyd v. Criminal Div. of U.S. Dep't of Justice, 475 F.3d 381, 388 (D.C. Cir. 2007).  Accordingly, the District Court did not err in concluding that exemption 7(C) applies here.  See ACLU v. U.S. Dep't of Justice, 750 F.3d at 935 (so holding in similar circumstances).

Finally, Venkataram argues that the District Court erroneously relied on the exemption found in § 552(b)(5) — which covers, among other things, documents protected by work-product privilege — to deny his request for the disclosure of the Agreement.  He is mistaken; the Government sought to withhold the document solely based on Exemptions 6 and 7(C), and the District Court considered only those exemptions.

Accordingly, we will affirm the District Court's judgment.

6